IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY McFerren,                :No. Civil Action 05-66Erie
        Petitioner       :

       v.               :

SUPERINTENDENT TENNIS,           :

        Respondent       :


PETITIONER'S REPLY TO COMMONWEALTHS ANSWER

RESPONSE TO STANDARD OF REVIEW

    The Commonwealth in its answer incorporates its state court briefs filed at p. 21. Accordingly, in this case there was a evidentiary held before the PCRA Court. First, the state court has exercised jurisdiction over the merits of the petitioners claim. The complete standard this court has recently been decided in <u>Lambert v. Blackwell</u>, 387 F.3d 210, 235 (3rd Cir. 2004). In addition, the petitioner bears the burden to rebut the presumption of correctness. Lambert, at 238.


REPLY TO THE MERITS


a)WHETHER THE STATE COURT MADE A DECISION THAT WAS CONTRARY TO AND UNREASONABLE, INSOFAR, AS TRIAL FAILED TO ARGUE IN HIS CLOSING A SELF-DEFENSE ISSUE AND FOR HIS FAILURE TO REQUEST A JURY INSTRUCTION OF SELF DEFENSE.

    The State Court in its decision making process made an error as a matter of record. With a degree of specificity, trial counsel after the close of oral arguments left the court house and requested a public defender to sit

in for his absence and failed to explain any facts of the case to the public defender which actually resulted in prejudice to the petitioner. The actual trial record evidences trial counsel left the trial after the closing arguments, leaving the critical stages to a uninformed Public Defender. Id. Moreover, while the jury was deliberating a question was asked to the court to explain the difference between First, Second and Third Degree Murder. See RR at p., 650-51. Actual trial counsel was not present at the time as he returned to pittsburgh. See RR at p., 651-685-686).

Clearly, the state court failed to determine these facts as required by Strickland v. Washington standards. Id.

In addition, during the evidentiary hearing trial counsel explained his strategy as intoxication and self-defense, which under Pennsylvania Law a defendant can present two types of defense to the different exposures to the degree in the homicide statute. At the PCRA Hearing counsel stated:

Q. Did you ask the court to instruct the jury on self-defense?
A. Your Honor, I cannot believe I didn't. If I were to testify here, and which I'm doing under oath, I absolutely feel that I did because that was my defense. RR at p.,693.

The second defense was established by trial counsel as intoxication. RR at ps.,643,645,677,689 and 690)))).

Petitioner hired this counsel who practiced law under Anthony Decello, whom was disbarred from the Bar for several years. Id.

Nevertheless, in light of the testimony of trial counsel at the PCRA hearing, the trial record evidences no opening statement was made for the two defenses. See RR at 643, trial counsel failed to establish self defense through petitioners testimony, although the petitioner's statement shows enough evidence for self defense, it was not fully developed at trial. And

finally, trial counsel failed to argue self-defense in his closing arguments, and failed to request a specific charge on same. Id.

The state court's last reasoned judgement failed to review and determine that the prosecution requested an instruction in the opening of the case on the inference of malice when a deadly weapon is used against a vital organ of the body, which the trial court refused. However, while the public defender was sitting in the prosecution renewed its request and the judge reversed the previous ruling and gave the instruction.

The PCRA Court simply answers this Constitutional question as, trial counsel simply argued in his own way, argued that there was no evidence of a specific intent to kill. See PCRA opinion under issue Number Three. attached in the Commonwealth's answer at #63 in the back of petitioners state court brief.

The Superior Court opinion is attached at #64 of the answer at the back of the brief dated September 15, 2003. The Superior Court adopted the PCRA Court opinion, which is the last reasoned judgement.

Accordingly, Petitioner was denied his right to counsel of choice and by trial counsel leaving the area to return to pittsburgh, leaving petitioner with a public defender, is a denial of the Sixth Amendment, as the Public Defender was not informed of any trial strategy or evidentiary rulings; the petitioner suffered a constructive denial of counsel.

Petitioner submits after a comprehensive review of the evidentiary testimony, the PCRA Courts opinion, that independent credibility determination should be made by this court, insofar, as the PCRA Court injected a material fact that trial counsel did not explain his reasoning, which is contrary to the record. However, nonetheless, a independent hearing should be held. Zilich v. Ried, 36 F.3d 319 (3rd Cir. 1994).

In addition, the last reasoned judgement made a decision that was contrary to and unreasonable under the guise of Strickland v. Washington, supra. Our United States Supreme Court recently addressed this same type of situation in which the Commonwealth Appellate Court made a decision contrary to and unreasonable under 2254(d)(1) in their application of the Strickland standard in Rompilla v. Beard, 125 S.Ct. 2456 (2005).

A reasonable attorney clearly would have fully established self defense evidence that was clearly available; a reasonable attorney would have argued same in his closing and requested a jury instruction on same as permitted by law. These are critical facts in any defense. The puzzling part of this case is that counsel actually presented no defenses for his client and abandoned the petitioner at the close of his trial. This is not functioning under the Sixth Amendment. Our Third Circuit addressed a case in which a defendant was forced to choose being represented by a Public Defender and counsel of choice in United States v. Rankin, 779 F.2d 956 (3rd Cir. 1986). Therefore, under the totality of circumstances trial counsel was deficient under the Sixth Amendment, because his inaction, omission, actually prejudiced the petitioner a fair trial, and he forced his own client to proceed with a public defender whom had no knowledge of the case, which can thus be construed as a constructive denial of counsel under the Cronic standard, which prejudice need not be shown under the Cronic standard. Id.

Petitioner incorporates his state court brief as fully set forth in support of this Reply. In sum, petitioner with the slight evidence presented at the trial was clearly entitled to the instruction of self defense as permitted by Commonwealth v. McFadden, 402 Pa. Super. 517, 587 A.2d 740, (1991), and Commonwealth v. Buksa, 440 Pa. Super. 305, 655 A.2d 576 (1995). This Court must reject the Commonwealth's contention that there

was no evidence that required the instruction; as to the contrary trial counsel had in his possession every piece of evidence to establish such a fact. Finally, the Commonwealth in all its briefs, answers, etc... keeps showing the statement by appellant. The statement is being challenged as involuntary and moreover, it does not lend credence to the Commonwealth as the statement contains evidence of self-defense and shows there was no robbery. Id.

   Petitioner as clearly rebutted the presumption of correctness which a writ of habeas should issue granting the petitioner a new trial.

B)WHETHER THE STATE COURT MADE A DECISION CONTRARY TO AND UNREASONABLE AS TRIAL COUNSEL DURING A CRITICAL STAGE OF SUPPRESSION FAILED TO ALLOW THE PETITIONER HIS RIGHT TO TESTIFY AT THE SUPPRESSION HEARING.

The Sixth Amendment attaches at all critical stages of adjudication. McMann v. Richardson, 397 U.S. 759, 771 (1970). Here, the PCRA Court admits that the statement was the evidence needed for a conviction in this case and without same the Commonwealth would not have obtained a conviction for First Degree Homicide.

The PCRA Court went on to state that since appellant was read his Miranda Rights his statement was legally obtained.

The Petitioner however, finally was cross examined about his statement during the PCRA proceeding and stated he requested counsel and was refused, in that he did not need an attorney during the interrogation if he was telling the truth and that he had to take a poly graph and could not refuse. This matters were explained to trial counsel and vital to the outcome of the Suppression Hearing. Moreover, had counsel as a reasonable attorney would have, called the petitioner to stand he would have suffered less prejudice. For the state court to say trial counsel's strategy was effective, is clearly contrary to and unreasonable under the Strickland standards governing ineffective counsel claims. See also, Harris v. Reed, 894 F.2d 871, 878 (7th Cir. 1990)(en banc). This court must determine whether counsel's strategy caused a fundamentally unfair trial and whether the results were reliable.Kimmelman v. Morrison, 477 U.S. 365, 385 (1986).

Clearly, there was no Miranda waiver signed in this matter, and contrary to the state court judgement it is a Sixth Amendment violation for any criminal defendant to be denied counsel during an interrogation process. Minnick v. Mississippi, 498 U.S. 146 (1990). This matter is akin to

the situation in Smith v. Illinois, 469 U.S. 91, 100 (1984). Clearly, without petitioners testimony during the suppression stage these facts could not be developed. Id. Accordingly, the petitioner has rebutted the decisions of the state court by clear and convincing evidence. As such Petitioner should be afforded a federal hearing for explanations as to reasons he first stated nothing, then after additional officers were called in, he is making statements; thus, the Miranda waiver has never been provided in this matter. Petitioner has satisfied 2254(d)(1) requirements, as he trial counsel clearly did prejudice the outcome standard as his performance fell below the norms required by the Sixth Amendment. Id.

c) WHETHER THE STATE COURTS DETERMINATION WAS CONTRARY TO AND UNREASONABLE FOR COUNSELS FAILURE TO IDENTIFY WHAT DEFENSES WERE UTILIZED TO THE JURY.

This issue has been covered in issue (a) of this Reply and upon reviewing the petitioner's state court brief the issue was argued twice at issue (1) and at issue (3). This matter needs no further reply.

d) WHETHER THE STATE COURT MADE A DECISION CONTRARY TO AND UNREASONABLE TO COUNSELS INEFFECTIVENESS FOR FAILURE TO CROSS EXAMINE THE COMMONWEALTHS MEDICAL EXPERT CONCERNING ITS BLOOD SPLATTER THEORY, OR IN FAILING TO SECURE A MEDICAL EXPERT FOR REBUTTAL.

Petitioner has adequately covered this issue in the state court brief at issue (4), in Commonwealth's exhibit #63.

It is petitioners contention the last reasoned judgement made a decision contrary to and unreasonable in its application of Strickland standards.

E) WHETHER THE STATE COURT MADE A DECISION CONTRARY TO AND UNREASONABLE FOR

TRIAL COUNSELS FAILURE TO CALL AN EXPERT TO EXPLAIN THE EFFECTS OF DRUGS AND ALCOHOL TO SUPPORT AN INTOXICATION DEFENSE.

Every criminal defendant has a right to effective assistance of counsel. In the instant case at bar, it is clear counsel simply did not present any defense for his client. While there are answer left to be found; it was not done in the state proceedings and this matter still remains in dispute. Specifically, was trial counsel not presenting a defense because he was not made enough funding and did not want to hire an expert, or was trial counsel spending legal fees provided to him for drugs. Clearly, this Attorney was disbarred shortly after the petitioners trial.

Nonetheless, in any light this petitioner had a constitutional right to present a defense. Clearly, an expert would have been able to explain to the trier of facts as supported by the evidence that petitioners faculties were so impaired he could not have formed a specific intent to kill, which negates first degree homicide. See Harris v. Reed, 894 F.2d at 878. Petitioner was clearly prejudiced and denied a fundamentally fair trial by the inaction, omission, commission, by trial counsel. There is no excuse or tactical decision that a reasonable attorney could state for failure to present witnesses to support a defense that was readily available with actual evidence to have the jury assess. The outcome stand would have clearly been different had counsel acted under the Sixth Amendment. Romilla v. Beard, 125 S.Ct 2456 (2005).

F)WHETHER THE STATE COURT MADE A DECISION THAT WAS CONTRARY TO AND UNREASONABLE IN THAT COUNSEL FAILED TO CALL RICHARD DENISON AS A DEFENSE WITNESS.

The trial record evidences that defense counsel had no care in presenting

any defense and was simply going through the motions. The state court findings clearly were contrary to and unreasonable in its determination of this matter. Romilla v. Bead, supra.

G) WHETHER THE STATE COURT MADE A DECISION CONTRARY TO AND UNREASONABLE IN THAT TRIAL COUNSEL PERMITTED WITHOUT OBJECTION THE TRANSCRIBED STATEMENT OF THE PETITIONER TO BE VIEWED DURING JURY DELIBERATIONS

The last reasoned judgement states this issue lacks merit as there was no case authority on this matter at the time of petitioners trial. Id.

The defendant was clearly prejudiced by the statement being with the jury as denied petitioner a fundamentally fair trial. Id.

While the Pa. Rules of Court did not include this matter until 1993, case authority was available as far back as 1973 in Commonwealth v. Pitts, 301 A.2d 646, 650 n. 1 (Pa. 1973). Moreover, at the time of petitioners trial F.R.E.§410 existed. The prejudicial error was not harmless. Chapman, 386 U.S. at 24.See U.S. v. Perdue, 8 F.3d 1455, 1469 (10th Cir. 1993). Clearly, had counsel objected to the statement being with the jury the outcome standard may have resulted differently. Strickland v. Washington, supra.

## DISCUSSION

The remaining issues have been adequately developed in the state court brief filed to both Superior and Supreme Court of Pennsylvania. The only exception petitioner can find is when the Superior Court adopted the PCRA Court opinion, it permitted the affirmance and conviction of a innocent individual, insofar, as this petitioner by the evidence did not commit a Robbery and at best is guilty of Third Degree Homicide. The trial was so fundamentally unfair that petitioner was denied a new trial.

CONCLUSION

It is respectfully requested a writ of habeas corpus issue granting appellant a new trial with 180 days, or alternatively a federal evidentiary hearing to settle the disputes in the record.

Respectfully submitted,

*Anthony McFarran*

10

CERTIFICATE OF SERVICE

The undersigned, hereby certifies that a true and correct copy of the within document was served by pre paid inmate postage this 14th day of September, 2005 to the persons indicated below.

Clerk of Courts (2-copies)

U.S. District Court
Erie, Pa 16501

Douglas Ferguson, Esq.

ASSISTANT DISTRICT ATTORNEY (1-copy)
Crawford County Courthouse

Meadville, Pa 16335                           s/ Anthony McFerren